UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA acting through
Farmers Home Administration, United States
Department of Agriculture,

          Plaintiff,

      v.                 3:18-CV-1075
                          (FJS/DEP)

ESTATE OF KAREN E. DAVIS; JOHN W.
DAVIS, also known as John W. Davis, Jr.;
LIMESTONE RIDGE, LLC; ARROW
FINANCIAL SERVICES LLC; JOHN
DOE #1-5, said names being fictitious,
it being the intention of plaintiff to designate
any and all occupants, tenants, persons or
corporations, if any, having or claiming an
interest in or lien upon the premises being
foreclosed herein; and JANE DOE #1-5, said
names being fictitious, it being the intention of
plaintiff to designate any and all occupants,
tenants, persons or corporations, if any, having
or claiming an interest in or lien upon the
premises being foreclosed herein,

          Defendants.
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **MANFREDI LAW GROUP, PLLC**<br>302 East 19th Street, Suite 2A<br>New York, New York 10003<br>Attorneys for Plaintiff | **JOHN S. MANFREDI, ESQ.** |
| **ESTATE OF KAREN E. DAVIS,<br>JOHN W. DAVIS, LIMESTONE<br>RIDGE LLC, ARROW FINANCIAL<br>SERVICES LLC, JOHN DOE<br>#1-5 and JANE DOE #1-5**<br>Defendants | **NO APPEARANCE** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Pending before the Court is Plaintiff's motion for entry of a default judgment and for a judgment of foreclosure and sale. *See* Dkt. No. 18.

**II. BACKGROUND**

Plaintiff brought this action to foreclose a mortgage on real property designated as 798 Knapp Hill Road, Castle Creek, New York 13744, further described in annexed Schedule "A," located in Broome County, New York. The total balance secured by said mortgage through November 29, 2018 is **$60,143.60**, comprised of the following amounts: (1) principal in the amount of **$36,443.58**, (2) interest at 9.25% per annum from May 27, 2016, through November 29, 2018, in the amount of **$8,459.95**, (3) late charges in the amount of **$72.18**, advances on principal and interest in the amount of **$10,827.43** and (4) interest credit subsidy calculated for recapture in the amount of **$4,340.46**. *See* Dkt. No. 18-1, Affidavit of Jennifer Jackson, Single Family Housing Program Director with the USDA Rural Housing Service, at ¶ 21. Plaintiff filed a Notice of Pendency containing all the particulars required by law in the Broome County Clerk's Office on September 17, 2018. *See* Dkt. No. 18-1 at ¶ 5; Dkt. No. 18-11.

Plaintiff served Defendants with the summons and complaint, and their time to answer or otherwise appear with regard to the complaint has expired and has not been extended by consent or order of this Court. Plaintiff requested a Clerk's entry of default as to Defendant John W. Davis on November 21, 2018, *see* Dkt. No. 6, which the Clerk of the Court entered on November 27, 2018, *see* Dkt. No. 9. Plaintiff requested a Clerk's entry of default as to Defendant Estate of Karen E.

Davis on November 21, 2018, *see* Dkt. No. 7, which the Clerk of the Court entered on November 27, 2018, *see* Dkt. No. 8. Plaintiff requested an entry of default as to Defendant Limestone Ridge LLC on November 28, 2018, *see* Dkt. No. 14, which the Clerk of the Court entered on November 29, 2018, *see* Dkt. No. 16. Finally, Plaintiff requested an entry of default as to Defendant Arrow Financial Services LLC on November 28, 2018, *see* Dkt. No. 15, which the Clerk of the Court entered on November 29, 2018, *see* Dkt. No. 17. None of the Defendants are infants, incompetent or in miliary service. *See* Dkt. No. 18-1 at ¶ 10. Plaintiff is not seeking a deficiency judgment or attorney's fees. *See id.* at ¶¶ 33-34. Finally, having reviewed the description of the property, Plaintiff has determined that the mortgaged premises should be sold as one parcel. *See id.* at ¶ 36.

### III. DISCUSSION

**A.    Amendment of caption**

Plaintiff seeks to amend the caption and dismiss the action against "John Doe #1-5" and "Jane Doe #1-5." *See* Dkt. No. 18 at 1. There is no need to amend the caption. However, the Court dismisses this action against these Defendants with prejudice because "Plaintiff has ascertained that there are no John Does or Jane Does occupying the premises[.]" *See* Dkt. No. 18-2, Affirmation of John Manfredi, Esq, at ¶ 17.

**B.    Plaintiff's motion for a default judgment**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a) the plaintiff must obtain a clerk's entry of default. *See* Fed. R. Civ. P. 55(a) (providing

that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); N.D.N.Y. L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded"). Second, under Rule 55(b), the plaintiff may apply for entry of a default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain" or by the court "[i]n all other cases." Fed. R. Civ. P. 55(b)(1), (2); N.D.N.Y. L.R. 55.2(b) (providing that "[a] party shall accompany a motion to the Court for the entry of a default judgment pursuant to Fed. R. Civ. P. 55(b), with a **clerk's certificate of entry of default** . . ., **a proposed form of default judgment**, and a copy of the pleading to which no response has been made").

### 1. Liability

By failing to answer, Defendants are deemed to have admitted the factual allegations in the complaint. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citations omitted)). However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief." *Wells Fargo Bank, N.A. v. Barnes*, No. 3:16-CV-00533 (BKS/DEP), 2018 WL 6028050, *5 (N.D.N.Y. Nov. 16, 2018) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (other citations

-4-

omitted).

Based on the allegations in the Complaint, the Court finds that Plaintiff has established that Defendants' liability.

### *2. Damages*

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)) (other citation omitted). A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (stating that "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages"); Fed. R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

In this case, the Court finds that it is not necessary to hold an evidentiary hearing because

damages are calculable based on the detailed affidavits and documentary evidence that Plaintiff has provided. Thus, the Court grants Plaintiff's motion for entry of a default judgment as follows:

| | |
|---|---:|
| Principal (Note) | $36,443.58 |
| Interest (Note) at 9.25% per annum from May 27, 2016, through November 29, 2018 | 8,459.95 |
| Principal (Advances - Taxes/Ins/Maint) | 9,963.10 |
| Interest (Advances - Taxes/Ins/Maint) | 864.33 |
| Late Charges Due | 72.18 |
| Interest Credit (Subsidy) Granted $52,842.23 (Subsidy Calculated for Recapture) | 4,340.46 |
| **Total due through November 29, 2018** | **$60,143.60** |

plus additional interest accruing on this amount from November 29, 2018, at a rate of 9.25% per annum, through the date of entry of judgment and costs in the amount of **$1,238.22**.

### C.  Motion for entry of a judgment of foreclosure and sale

Plaintiff also seeks entry of a judgment of foreclosure and sale. In its proposed "Judgment of Foreclosure and Sale, Plaintiff proposes that the sale of the mortgaged property take place at the "United States District Court, Northern District of New York, 100 S. Clinton Street, Syracuse, New York 13261." The Court finds that Plaintiff's proposed location for the sale of the mortgaged property is not appropriate.

Therefore, the Court denies Plaintiff's motion for a judgment of foreclosure and sale with leave to renew.

### IV. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Defendants John Doe #1-5 and Jane Doe #1-5 are **DISMISSED with prejudice** from this action; and the Court further

**ORDERS** that Plaintiff's motion for a default judgment against Defendants, *see* Dkt. No. 18, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff is awarded judgment against Defendants for ths sum of **$60,143.60** with interest continuing thereon at the rate of 9.25% per annum to the date of entry of judgment and, thereafter, interest on this amount from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a), as well as **$1,238.22** in costs;[1] and the Court further

**ORDERS** that Plaintiff's motion for judgment of foreclosure and sale, *see* Dkt. No. 18, is **DENIED with leave to renew**; and the Court further

**ORDERS** that, within **thirty (30) days** of the date of this Memorandum-Decision and Order, Plaintiff shall file a letter motion (1) requesting appointment of a proposed referee to sell the mortgaged property, such proposed referee shall be an attorney who is admitted to practice in and has an office in the Northern District of New York, and who is willing to have the Court appointment him or her to serve as referee to conduct the sale of the mortgaged property and (2) proposing a new location for the sale of the mortgaged property, such location shall be within the county in which the mortgaged property is located; and the Court further

---

[1] The Court notes that, pursuant to this District's Local Rules, "[t]he party entitled to recover costs shall file . . . a verified bill of costs **on the forms that the Clerk provides**. The party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs that it seeks. . . ." N.D.N.Y. L.R. 54.1(a) (emphasis added). Although Plaintiff did not use the proper form, it did provide receipts indicating that it had actually incurred the costs that it sought to recover. *See* Dkt. Nos. 18-3, 18-12, 18-13, 18-14. Therefore, because the Court is able to ascertain the costs incurred, the Court will grant Plaintiff's request for costs in the amount of $1,238.22.

I **ORDERS** that, within **thirty (30) days** of the date of this Memorandum-Decision and Order, Plaintiff shall file a renewed motion for judgment of foreclosure and sale accompanied by a revised proposed judgment of foreclosure and sale with the name of the referee and location of the sale left blank for the Court to fill in; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendants by certified mail return receipt requested and shall file affidavits of service, together with the certified mail receipts, demonstrating that service has been effected.

**IT IS SO ORDERED.**

Dated: April 9, 2019
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge

## SCHEDULE "A"
## DESCRIPTION OF MORTGAGED PREMISES

ALL THAT PIECE OR PARCEL OF LAND, situate in the Town of Barker, County of Broome and State of New York, briefly described as follows:

BEGINNING at the southeast corner of land now or formerly owned by Brigham, then running in a general northeasterly direction along the north side of the new Knapp Hill Road, Town of Barker to the intersection of the new Knapp Hill Road and the old Knapp Hill Road; then running along the old Knapp Hill Road west to the northeast corner of the Brigham property; then south along the boundary line of the Brigham property to the place of beginning.

Premises: 798 Knapp Hill Road, Castle Creek, NY 13744
Tax Parcel ID No.: Section: 055.01 Block: 1 Lot: 31